## Smith, etc., et al. v. Altoona & Logan Valley Electric Railway Co.

*Hare & Hare,* for plaintiffs.

*Robert C. Haberstroh,* for defendant.

*Paul E. Beaver,* for insurance carrier.

PATTERSON, P. J., April 23, 1941.—This case involves the disposition of a rule filed by defendant for more specific statement of claim, on the ground that the statement is deficient in that it does not set forth the name of the City of Altoona as employer of plaintiff's deceased husband at the time he sustained the injury resulting in his death, and the name of the compensation insurance carrier of the city.

Both these questions involve the construction of Pa. R. C. P. 2002 adopted by the Supreme Court. The rule reads as follows:

"(a) Except as otherwise provided in clauses (b) and (c) of this rule, all actions shall be prosecuted by and in the name of the real party in interest, without distinction between contracts under seal and parol contracts."

All parties agree that clause (c) is the one involved in this case. Clause (c) reads as follows:

"(c) Clause (a) of this rule shall not apply to actions where a statute or ordinance provides otherwise."

Defendant contends that the City of Altoona, which is subrogated to the rights of plaintiff under the provisions of section 319 of the Pennsylvania Workmen's Compensation Act of June 21, 1939, P. L. 520, which specifically

confers the right of subrogation upon the employer, brings the city within the provisions of this clause, and that plaintiff's statement should be amended accordingly. Plaintiff also agrees that the city should be joined as a party plaintiff. Therefore, there is no controversy on this point.

Defendant further contends that the pleadings should be amended to include the Pennsylvania Manufacturers' Association Casualty Insurance Company, the compensation insurance carrier of the city, as a party plaintiff. The insurance carrier has filed a petition praying the right to intervene as a party plaintiff, on the ground that under its contract of insurance with the city it is subrogated to the rights of plaintiff insofar that it has paid, or will be required to pay, compensation on account of the death of plaintiff's husband, as the result of an accident while in the employ of the city.

Plaintiff, however, objects to the intervention of the insurance carrier of the city, on the ground that the insurance carrier has no contractual relation with plaintiff, Mrs. Smith, in this action. However, the insurance carrier and defendant both argue that the insurance carrier has contractual rights with the city, and, the city being properly a party plaintiff, then the insurance carrier's contract with the city establishes its right to intervene as a party plaintiff.

We believe that under this rule, together with and taken in conjunction with the act of assembly expressly subrogating the city to the rights of plaintiff, at least partially, defendant is entitled to have plaintiff's statement amended to include the city as one of the parties entitled to bring suit, and by virtue of the fact that the city has the right to become a party plaintiff, then under this rule it must follow that the petition of the city's insurance carrier, which has made a partial payment on account of its obligation, shall be permitted to intervene as a plaintiff and shall become a party under its contractual relationship with the city as a partial subrogee.

This appears to be the only procedure whereby all the parties who own amongst themselves the entire claim of plaintiff may be asserted against defendant. Therefore, the rule granted upon defendant's petition to show cause why plaintiff should not be directed to file a more specific statement of claim, and that plaintiff's statement of claim should not be amended; and that the City of Altoona, as employer of Mr. Smith, plaintiff's deceased husband, and the Pennsylvania Manufacturers' Association Casualty Insurance Company, insurance carrier of the city, shall be included as plaintiffs, is made absolute: Goodrich-Amram Pennsylvania Procedural Rules Service, Rule 2002: Provided, however, that the inclusion of the city as a plaintiff in the amended statement, and the intervention of the Pennsylvania Manufacturers' Association Casualty Insurance Company as party plaintiff, shall be to the extent only of their rights as subrogees, and their respective rights to recover by subrogation of contract in moneys already paid, or which they may be required to pay. This order shall not in any manner prejudice, limit, or abridge the right of plaintiff, Mrs. Smith, in the amount of her claim or recovery.

## Decree

Now, April 23, 1941, the rule granted at the instance of defendant on plaintiff for more specific statement of claim is made absolute; and the rule granted at the instance of the Pennsylvania Manufacturers' Association Casualty Insurance Company for the right to intervene is made absolute, on condition, however, that the intervening party or parties shall pay or agree to pay their proportionate share of costs and expenses already incurred, or which may be incurred in the said procedure.